# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 09 2022

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

NATHANIEL J. HARVEY III , Plaintiff

v.

Assistant Warden Lisac ,

Security Major Thompson ,

Programs Major Brandt ,

Captain Chance Turner , Defendant(s). "SEE ATTACHED"

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

*Nathaniel Harvey*
8-29-21

1

Original form provided free of Charge by CO DOC Legal Services to Offender _____ DOC# 130287
Date AUG 10 2021

# IN THE UNITED STATES DISTRICT
# COURT FOR THE DISTRICT OF
# COLORADO

1302 87

Harvey
Aug 10 2021

Civil Action No. _____
(To be supplied by the court)

LT. Nick Anaya

SOTTO E. Osvaldo

LT. Stephanie Martinez

LT. Jerry Lundenberg

Sgt. K. Gutierez

Sgt. Rene Acuna

Sgt. Paul Carrillo Jr.

Officer Riley

Officer Z. Garcia

Nurse Practitioner Kathleen Boyd

Nurse Krystal Kammrad

Doctor RENAE MOREL

Stephanie Dalton HSA

(Rev. 4/15/02)

2

Nathaniel Harvey
8-29-21

**A.    PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Nathaniel J. Harvey #130287 Colorado State Penitentiary P.O.B 777 Canon
(Name, prisoner identification number, and complete mailing address)

City Co 81215                                    N/a
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
✓      Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

**B.    DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Lisac "Assistant Warden" C.S.P. P.O.B. 777 Canon City Co 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ____ No (*check one*). Briefly explain:

Defendant Assistant Warden Lisac is Deliberately Indifferent to Harvey's Condition of Confinement. Color of State law

Defendant 1 is being sued in his/her ✓ individual and/or ____ official capacity.

Original form provided free of Charge by CO DOC Legal Services to Offender _____ DOC# 130 287
Date AUG 1 0 2021

3

Nathaniel Harvey
8-29-21
130287

Defendant 2: Thompson "Security Major" C.S.P. P.O.B. 777 Canon City Co 81215

130 287

AT the time the claim(s) in this Complaint arose was this defendant acting under Color of State or Federal law? Yes ✓ No —

Defendant Security Major Thompson is Deliberately Indifferent to Harvey's Condition of Confinement. Color of State law

Defendant 2 is being Sued in his ✓ individual Capacity.

Defendant 3: Brandt "Programs Major" C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this defendant acting under Color of state or Federal law? Yes ✓ No —

Defendant Programs Major Brandt is Deliberately Indifferent to Harvey's Condition of Confinement. Color of State law

Defendant 3 is being Sued in his ✓ individual Capacity.

Defendant 4: Chance Turner Captain C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this defendant acting under Color of State or Federal law? Yes ✓ No —

Defendant Captain Chance Turner is Deliberately Indifferent to Harvey's Condition of Confinement. Color of State law

Defendant 4 is being Sued in his ✓ individual Capacity.

4

Nathaniel Harvey
8-29-21
130287

Defendant 5: **Nick Anaya LT.** C.S.P. P.O.B. 777 Canon City CO. 81215
"Case Manager"

AT the time the Claims in this Complaint arose was this
defendant acting Under Color of state or Federal law? Yes ✓

Defendant LT. Nick Anaya has impeded on Harvey's
Freedom of Religious Activity. Color of State law

Defendant 5 is being Sued in his ✓ individual Capacity.

Defendant 6: "**Stephanie Martinez LT.**" C.S.P. P.O.B. 777 Canon City Co. 81215

At the time the claims in this Complaint arose was this
defendant acting Under Color of state or Federal law? Yes ✓  No—

Defendant Shift Commander LT. Martinez is Deliberately indifferent
to Harvey's Condition of Confinement. Color of State law

Defendant 6 is being Sued in her ✓ individual Capacity.

Defendant 7: "**Jerry Lundenberg LT.**" C.S.P. P.O.B. 777 Canon City Co. 81215

AT the time the claims in this Complaint arose was this
defendant acting Under Color of State or Federal law? Yes ✓  No—

Defendant Shift Commander LT. Lundenberg is Deliberately
indifferent to Harvey's Condition of Confinement. Color of state law.

Defendant 7 is being Sued in his ✓ individual Capacity.

5

*Nathaniel Harvey*
8-29-21
130287

Defendant 8: **K. Gutierez Sgt.** C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this
defendant acting Under Color of State or Federal law? Yes ✓

Defendant Sgt. Gutierez has impeded on Harvey's Freedom
of Religious Activity. Color of State law

Defendant 8 is being Sued in her ✓ individual Capacity.

Defendant 9: **Rene Acuna Sgt.** C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this
defendant acting Under Color of State or Federal law? Yes ✓

Defendant Sgt. Acuna has used Unnecessary excessive Force
and Retaliatory Conduct For Harvey Filing Grievances. Color of
state law.

Defendant 9 is being Sued in his ✓ individual Capacity.

Defendant 10: **Paul Carrillo Jr. Sgt.** C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this
defendant acting Under Color of State or Federal law? Yes ✓

Defendant Sgt. Carrillo has used Unnecessary excessive Force
during a Medical Emergency. Color of State law.

Defendant 10 is being Sued in his ✓ individual Capacity.

6

*Nathaniel Harvey*

8-29-21

Defendant 11: Riley Officer C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this defendant acting Under Color of State or Federal law? Yes ✓

Defendant officer Riley has impeded on Harvey's Freedom of Religious Activity. Color of State law.

Defendant 11 is being Sued in her ✓ individual Capacity.

Defendant 12: Z. Garcia Officer C.S.P. P.O.B. 777 Canon City Co 81215

AT the time the claims in this Complaint arose was this defendant acting Under Color of State or Federal law? Yes ✓

Defendant officer Garcia has used Unnecessary excessive force by tasing Plaintiff during a Medical Emergency. Color of State Law.

Defendant 12 is being Sued in his ✓ individual Capacity.

DEFENDANT 13 STEPhanie Dalton HSA C.S.P. POB 777 CanonCity 81215
Color of State Law    Yes ✓
8th Amendment Cruel and Unusual Punishment Deliberate Indifference
being Sued in her ✓ individual Capacity.

DEFENDANT 14 Doctor RENAE MOREL St. Thomas More Hospital
EMERGENCY DEPARTMENT 1338 Phax AVE
Canon City Co 81212 Phone 719-285-2270
Color of State Law Yes ✓
8th Amendment Cruel & Unusual Punishment deliberate Indifference. being Sued in his ✓ individual Capacity.

Nathaniel Harvey
8-29-21

7

Original form provided free of Charge by CO DOC I Legal Services to Offender Harvey DOC# 130287
Date AUG 10 2021

Defendant 15: **K. Boyd Nurse Practitioner** C.S.P. P.O.B. 777 Canon City Co 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of (state) or federal law? ✔ Yes ___ No (check one). Briefly explain:

Defendant Nurse Practitioner Boyd is Deliberately indifferent to Harvey Serious Medical needs, Color of State law.

Defendant 13 is being sued in his/(her) ✔ individual and/or ___ official capacity.

Defendant 16: **Krystal Kamerad** C.S.P. P.O.B. 777 Canon City Co 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of (state) or federal law? ✔ Yes ___ No (check one). Briefly explain:

Krystal Kammrd is Deliberately indifferent to Harvey Serious Medical needs by False reporting and failing to document.

Defendant 14 is being sued in his/(her) ✔ individual and/or ___ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✔    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___    Other: (*please identify*) _____

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation Under Color of State law, of rights Secured by the Constitution of the United States. The Court has Jurisdiction Under 28 U.S.C. Section 1331 and 1343(a)(3.) Plaintiff Harvey Seeks declaratory relief to 28 U.S.C. Section 2201 and 2202. The District of Colorado is an appropriate Venue under 28 U.S.C. Section 1391(b)(2) because it is where the events Giving rise to this claim occurred.

8

*Nathaniel Harvey*
8-29-21

## PLAINTIFF

Plaintiff Nathaniel Harvey, is and was at all times mentioned herein a Prisoner of the State of Colorado in the Custody of the Colorado Department of Corrections. He is Currently confined in Colorado State Penitentiary, in Cañon City Colorado 81215.

## DEFENDANTS

Defendant Assistant Warden Lisac, is the assistant Warden of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "ASSISTANT WARDEN" and was assigned to Colorado State Penitentiary 81215.

Defendant Security Major Thompson, is the Security Major of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "SECURITY MAJOR" and was assigned to Colorado State Penitentiary 81215.

Defendant Programs Major Brandt, is the Programs Major of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "PROGRAMS MAJOR" and was assigned to Colorado State Penitentiary 81215.

Defendant Captain Turner, is the Captain of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "CAPTAIN" and was assigned to Colorado State Penitentiary 81215.

*Nathaniel Harvey*
8-29-21

9

Defendant **LT. Anaya**, is the **Lieutenant** of the Colorado Department of Corrections **(CSP)** who, at all times Mentioned in this Complaint, held the rank of "**Lieutenant**" and was assigned to Colorado State Penitentiary 81215.

Defendant **LT. Martinez**, is the Lieutenant of the Colorado Department of Corrections **(CSP)** who, at all times Mentioned in this Complaint, held the rank of "**Lieutenant**" and was assigned to Colorado State Penitentiary 81215.

Defendant **LT. Lundenberg**, is the Lieutenant of the Colorado Department of Corrections **(CSP)** who, at all times mentioned in this Complaint, held the rank of "**Lieutenant**" and was assigned to Colorado State Penitentiary 81215.

Defendant **SGT. Gutierez**, is the Seargent of the Colorado Department of Corrections **(CSP)** who, at all times Mentioned in this Complaint, held the rank of "**SEARGENT**" and was assigned to Colorado State Penitentiary 81215.

Defendant **SGT. ACUNA**, is the Seargent of the Colorado Department of Corrections **(CSP)** who, at all times Mentioned in this Complaint, held the rank of "**SEARGENT**" and was assigned to Colorado State Penitentiary 81215.

10

*Nathaniel Harvey*
8-29-21

Defendant SGT. CARRILLO JR., is the Seargent of the Colorado Department of Corrections (CSP) who, at all times Mentioned in this Complaint, held the rank of "SEARGENT" and was assigned to Colorado State Penitentiary 81215.

Defendant OFFICER RILEY, is the Correctional Officer of the Colorado department of Corrections (CSP) Who, at all times mentioned in this Complaint, held the rank of "Correctional OFFICER" and was assigned to Colorado State Penitentiary 81215.

Defendant OFFICER GARCIA, is the Correctional Officer of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "CORRECTIONAL OFFICER" and was assigned to Colorado State Penitentiary 81215.

Defendant NURSE PRACTITIONER BOYD, is the Nurse Practitioner of the Colorado Department of Corrections (CSP) who, at all times Mentioned in this Complaint, held the rank of "NURSE PRACTITIONER" and was assigned to Colorado State Penitentiary 81215.

Defendant Krystal Kammrad, is the Nurse of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "NURSE" and was assigned to Colorado State Penitentiary 81215.

11

Nathaniel Harvey
8-29-21

Defendant Stephanie Dalton HSA, is the HSA of the Colorado Department of Corrections (CSP) who, at all times mentioned in this Complaint, held the rank of "HSA" and was assigned to Colorado State Penitentiary 81215.

Defendant RENAE MOREL DOCTOR, is the Doctor of the St. Thomas More Hospital EMERGENCY DEPARTMENT 1338 Phay Ave inlbr at all times Mentioned in this Complaint, held the rank of "Doctor" and was assigned to St. Thomas More Hospital Canon City Co 81212.

12

Nathaniel Harvey
8-29-21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: 8th AMENDMENT Violation CRUEL & Unusual Punishment

1.    Supporting facts: At all times relevant to this Case, Harvey was housed
2. in Cell F 3-14 Cell, Colorado State Penitentiary.
3. On May 26, 2021, First responders was Called For Medical Emergency Offender
4. Unresponsive in F Unit 3-14 Cell.
5. Nathaniel Harvey Fainted twice, Falling Unconscious, busting his right eye
6 Open, bleeding due to a bad reaction of Mixture of high blood Pressure Meds.
7. See EXHIBIT                    . Harvey Suffered a Head Concussion at this time.
8. Ms. HUFF Mental Health Saw me Fall Unconcious. Harvey Came too on the Floor
9. to Sgt. Rene Acuna videoing me in Medical Crisis. I stood up again, and Fainted
10 For a Second time. SEE video. Harvey Came too on the Floor while Sgt. Acuna giving
11. Me a direct Order to CUFF UP and go to Medical. Harvey refused Medical treatment.
12. See First responders Body Cam. I was then Ordered to CUFF UP and go to obser-
13. vation Cell. I complied and was restrained by Sgt. Acuna, "In handCUFFS." While
14. in restraints, the Cell door opened. At that time, Harvey Suffered heavy Tremors and
15. could not walk on his own. Harvey was very Confused. See EXHIBIT                .
16. Sgt. Acuna and Officer Z. Garcia did not walk Harvey to the Restraint Chair. "I
17. asked, what is the Chair For"? Nurse Daniell answered, because Your shaking and
18. You Cant Walk on Your Own. Harvey's 8th Amendment OF CRUEL & Unusual Punishment
19. was violated by Sgt. Acuna & Z. Garcia by being Forcefully Pushed to the Far end
20. OF the Wall Opposite My Cell, using Excessive Force while in a State of Medical
21. EMERGENCY. Harvey was Forced UP against the Wall For writing Grievances on
22. Sgt. Gutierez, and Officer Riley. As Harvey was Forced UP against the wall, being
23. made to stand there, Sgt. Carrillo violated Harvey's Right of 8th AMENDMENT against

1                                130287

Nathaniel Harvey
8/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

## CLAIM ONE: 8th Amendment Cruel & Unusual Punishment

24. Cruel & Unusual Punishment For Coming UP behind me, and Physicallly Snatched

25. My Green Canteen hat off My head in a backwards Motion, Causing Pain in My

26. Lower Neck. See Video Cam. See EXHIBITS          . I was Seen by Nurse

27. Practitioner Kathleen Boyd on June 16, 2021 and She placed me on Roboxin

28. And Lidocaine Patch.    See EXHIBITS          . Sgt. Carrillo's Unecessary

29. wanton affliction of Pain was Un-Called For. Harvey Only turned his head towards

30. his left shoulder and asked, "Why did you take My hat," and recieved no

31. response. I then turned My head towards My right shoulder in a NON-

32. threatening Manner and asked Sgt. Acuna, "Why are you doing this to

33. me," "What is it You Want From me." I was then tased in My left Side of

34. My back by Officer Z. Garcia while Suffering a Medical Emergency of

35. Tremors and Confusion, I was Forced to the Floor, and at this time while

36. being tased, Harvey Urinated and defecated his Pants. Harvey was then Strapped

37. to the restraint discipline chair by his Feet and Forced to wear a Spit Mask. My

38. right eye was Sutured by Medical Nurse Krystal and blood Pressure read 100/50.

39. See EXHIBITS          . See EXHIBITS of Symptoms of High Blood

40. Pressure Medication. Harvey was then escorted to Observation Cell, Stripped out

41. and left in His Boxers and Restraints For 2-hours. Harvey was then taken off

42. restraints and made to Sit another 2-hours. Harvey washed the Urine and Feces

43. out of his boxers at that time. See Body Cam Video and Observation video.

44. Harvey requested to take a J-21 Panel Urinalasys For the Use of drugs and

45. was denied. I was accused of Possessing and using drugs by Sgt. Acuna on

46. May 26, 2021. This incident was Captured From begining to end on Body Cam.

47. On June 25th 2021, Harvey was Seen by Dr. Christopher Gardner who reviewed

48. me and Sent Harvey out to St. Thomas Moore on a Medical Emergency For Injury's

49. Sustained by these three Officers. See EXHIBITS          and x-ray report, Harvey request

50. that this Court Grant declaratory Judgment that His 8th Amendment Rights where

51. violated and Granted Emotional Pain and Suffering. Harvey verifies this

52. Complaint and Provides declarations of witnesses.

2

Nathaniel Harvey
130287
2/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

CLAIM TWO: **1ST AMENDMENT FREE EXERCISE OF RELIGION/RLUIPA**

1. AT all times relevant, Harvey was Confined at Colorado State Peni-
2. tentiary when this Constitutional Violation Occured. On April 24, 2021
3. 4:30 A.m. during the Holy Month of Ramadan, the C.S.P. Kitchen Pre-
4. pared diced Prunes and Peaches For breakfast on My Islamic Halal diet.
5. See EXHIBIT    . Graveyard Shift **Officer Medina** brought My
6. Styrofoam Fruit Cups to F3-17 Cell. See Post Operational Rules
7. 150-01-c/c-003 #16, #17 EXHIBIT    and **Administrative Regulation**
8. 800-01 P.6 #4. I ate My breakfast, and placed My diced Prunes and
9. Peaches in My Canteen Tumbler, For later that night, used to break My
10. Fast Called **Iftar** right before the Maghrib Prayer. See EXHIBIT B
11. P. (Front and Back) L. On April 24th 2021 A.m., Harvey went outside for
12. recreation. On the way back from Recreation, Harvey was stopped **by Riley**
13. who told me that She Confiscated MY Halal Ramadan Fruit in the tumbler.
14. **Riley Violated Harvey's** 1st Amendment right of Free EXERCISE OF RELIGION
15. by not replacing Fruit when Harvey Requested it. **Riley also Violated the**
16. **RLUIPA by unfairly restricting Harvey to break his Fast.** I requested to
17. Speak with Sgt. Gutierez about replacing the Fruit but she failed to re-
18. spond reasonably to this issue. Sgt. Gutierez Violated Harvey's **1st Amendment**
19. **right of Free EXERCISE** by not replacing Fruit when Harvey Requested it to
20. break his Fast. **LT. Anaya** was notified who Seized the Fruit and had it tested
21. For alcohol. The Fruit tested Negative For **alcohol**. I requested From LT. Anaya
22. to replace the Fruit. He Failed to Replace the Fruit. LT. Anaya **Violated Harvey's**
23. **Free EXERCISE OF RELIGION** by placing restriction on harvey's Fast breaking.
24. To break the Fast during the Iftar is a Sunnah Undertaken by all Muslims ob-
25. serving the Fast during the Holy Month of Ramadan. **This act of Iftar is a**
26. **Tenet of MY Faith.** Harvey was not replaced with any Fruit after having asked
27. Riley, Sgt. Gutierez, and LT. Anaya. Harvey Possessed No other Food to break the
28. Fast with. See Canteen Sheet EXHIBIT    dated 4-19-21. Officer Riley's **shake**
29. **down slip** dated 4-24-21 is clearly restrictive. See EXHIBIT    . Harvey
30. Request this Court to accept Grievance # R-CS 20-21-00140527-1 as an EXHIBIT
31. to Prove that Staff Retaliated against Harvey For utilizing Grievance Procedure.
32. See EXHIBIT E P1. In reference to   Participating in the Holy Month of Ramadan.

130287

3   Nathaniel Harvey
8/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

CLAIM TWO . <u>1ST Amendment Free EXCERCISE OF RELIGION / RLUIPA</u>

33. on 6-23-2021, Harvey Spoke with Officer M. Sanchez who
34. admitted to remembering Harvey gave her step 2 # R-CS 2021 190527-1.
35. Step-2, which is a Non-Frivolous Grievance, was not Processed or
36. Given to My Case Manager to be Processed. This Retaliatory Conduct
37. by staff in F_Unit is because of Harvey Utilizing Grievance Procedure.
38. See Grievance # 193480. Harvey Prays that this Court Find acts and
39. Omissions of Officer Riley Liable violating Constitutional rights.

4

nathaniel Harvey
130287
8/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

8th Amendment Prohibiting Cruel & Unusual Punishment / deliberate

CLAIM Three: 1st AMENDMENT RETaLiatory Conduct/ Indifference

1. At all times relevant, Harvey Confined at Colorado State Penitentiary when
2. this Constitutional Violation occured. On 5-26-2021, Sgt. RenE
3. Acuna Packed out F3-14 Cell belonging to inmate Harvey #130287. Sgt.
4. Acuna Failed to Provide a Pack out Sheet. At that time, Harvey Possessed
5. a T.V. and Cable Cord which belonged to C.S.P. Property Loaner Program. See
6. EXHIBIT H P.  Harvey also Signed Unauthorized offender Property on
7. 5-27-2021 For the altered Cable Cord. Harvey was released From
8. Removal From Population (RFP) Status and restored to all Privileges,
9. and Placed back in F3-27 cell. On June 5, 2021, Harvey recieved
10. Information From Prisoner Fabian Vigil #120605 that Sgt.
11. Acuna Swapped out Cable Cords For him. See Declaration of Fabian
12. Vigil # 120605. Sgt. Acuna Violated Harvey's 1st Amendment
13. Prohibiting Retaliatory Conduct  by retaliating against
14. Harvey For utilizing the Grievance Procedure Prior to this incident.
15. See Harveys declaration and EXHIBIT F P. On 6-11-2021, LT. Anaya
16. Spoke with Harvey about the Altered T.V. Cable Cord. LT. Anaya told
17. Harvey that Sgt. Acuna accidently destroyed Harvey's Cable Cord.
18. LT. Anaya and Sgt. Acuna are trying to Cover up the truth. See
19. EXHIBIT G P . Harvey Called Hotline 05 to Report Staff Mis-
20. Conduct and Retaliatory Conduct to OIG's office. No answer
21. as of yet. Sgt. Acuna also Confiscated Harvey's 4-inch ace bandage
22. from Harvey's Property and destroyed it. See EXHIBIT . He also
23. Failed to add Ace bandage to Shakedown slip. See EXHIBIT G P .
24. Harvey's 1st Amendment Right is Protected against Retaliation For
25. Filing grievances and Section 1983 law Suit. Sgt. Acuna's adverse
26. actions was So bad that Harvey was diagnosed with Osteo
27. Arthitis For the Acewrap. Sgt. Acuna's adverse actions are Malicious
28. in nature and directly related to Harvey's Grievances. Harvey request
29. that this Court grant declaratory jugdment that the acts of defendant
30. did violate Harvey's      1st AMEND. and Caused Plaintiff Emotional distress.

5

Nathaniel Harvey
130287
8/29/21

8th Amendment Prohibiting Cruel & Unusual Punishment / Deliberate Indifference

Claim Three: 1st Amendment Violation Retaliatory Conduct / adverse Actions

31. Sgt. Rene Acuna violated Harvey's 8th Amendment Prohibiting
32. Cruel & Unusual Punishment by taking a Permanant issue Health
33. Care Appliance For Osteo Arthitis in My right elbow. See Exhibit ,
34. and declaration "I". Harvey Suffered In Pain without the use of Medical
35. appliance due to Sgt. Acuna's Adverse Actions For filing Grievances. Harvey
36. Filled out Request For Sick call on 6-29-21 requesting a replacement and
37. never was replaced. See Exhibit . Sgt. Acuna was deliberately
38. indifferent to Harvey's Serious Medical needs by admitting to destroying
34. the Medical Ace Wrap. See Step #2 Grievance 193902-2. Harvey was
40. Never replaced with an Medical Ace Wrap. See Exhibits .
41. Harvey Prays that this Court find acts and Omissions of RENE Acuna
42. Liable violating Constitutional Rights.
43.
44.
45.
46.
47.
48.
49.
50.
51.
52.
53.
54.
55.
56.
57.
58.
59.
60.

6

Nathaniel Harvey
8/29/21

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

# DELIBERATE INDIFFERANCE

## CLAIM FOUR: 8th Amendment Cruel & Unusual Punishment

1. At all times relevant, Harvey was confined at Colorado State Penitentiary
2. when this Constitutional Violation Occured. On 6/23/2021, Harvey was
3. diagnosed with Injury of nerve at Shoulder and upper arm level. Harvey was
4. also diagnosed with Injury Chronic Neck Pain. On 6/22/2021, Harvey had a
5. Medical Chart review by Christopher Gardner. On 6/23/2021, Harvey had a Medical Follow
6. Up - Provider Kathleen Boyd. On 6/25/2021, Harvey was transported to St. Thomas
7. More Emergency Department and Cared by Referring Physician: RENAE
8. Morel. Harvey complained of UPPER ARM Shoulder Numbness and Pain. Harvey Com-
9. plained that the Numbness Existed from the Rotator Cuff Shoulder, down through his
10. Left Arm, down to his left thumb. Harvey also Complained of lower back Neck
11. Injury and Pain. RENAE MOREL violated Harvey's 8th Amendment of Cruel
12. and Unusual Punishment by administering "minimul Care and deliberate
13. IndiFFERANCE to Harvey's Sufficiently Serious Medical need"
14. Harvey was only given Medication Administration From 06/25/2021
15. 1446 to 06/25/2021 1757 of Sodium chloride bolus, Ketorolac
16. and ionexol. Harvey was given Exam: CT Soft tissue with IV contrast.
17. St. thomas More is wrong stating that Medications have not changed.
18. C.S.P. Provider K. Boyd discontinued Losartan (cozaar) 25 MG due to
19. Harvey suffering From Poisoning of mixed Medications of Losartan
20. and Hydrochlorothiazide which should not have been mixed together.
21. Harvey suffered injuries On 5-26-2021 and was Seen by St.
22. thomas More on 6-25-2021. Harvey was not treated For the
23. Soft tissue tear in Left rotator Cuff or Numbness in Left Shoulder.
24. Harvey was not treated For Pain in back of Neck. Harvey Prays
25. that this Court Finds that RENAE MOREL Failed to Provide Sufficient
26. Medical treatment. Harvey Contends that "deliberate indiFFerence
27. to Serious Medical needs of Prisoners Constitutes the unnecessary
28. and Wanton inFliction of Pain". Harvey did Request treatment For his
29. injuries to his Shoulder which he has 20% Mobility. Harvey Prays
30. that this Court Find that Doctor RenAE Morel is Found liable For
31. the 8th Amend. Constitutional Violation in this claim.

130287

Nathaniel Harvey

7

8/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

# DELiBERATE INDiFFERENCE

claim five: 8th AMENDMENT Cruel & Unusual Conduct/Punishment

1. AT all times relevant Harvey was Confined at Colorado State Peniten-
2. tiary when this Constitutional Violation Occured. Harvey is
3. a Prisoner in Priority group, People with Chronic Medical Conditions
4. Such as heart disease, asthma, and over the age OF 50. Harvey
5. was diagnosed with hypertension in 2007. In 11-17-2011,
6. Harvey had an allergic reaction to ATENOLOL mixed with Clonidine,
7. which Caused Me to Faint unconscious. I was taken off of ATENOLOL.
8. In 6-18-2013, Harvey was Placed back on ATENOLOL and Clonidine
9. by Nurse Practitioner Kathleen Boyd in which, Harvey had a bad
10. reaction and was discontinued. In 6-18-2013, Harvey was Placed
11. on LOSARTAN and hydrochlorothiazide by Nurse Practitioner Kathleen
12. Boyd. On 5-26-21, Harvey Suffered Injury and Poisoning. These two
13. Medications should not be mixed together. As a result, K. Boyd
14. discontinued Losartan on 6-23-2021 and Placed on Norvasc.
15. Harvey's 8th Amendment prohibiting Cruel and Unusual Punishment
16. was violated when K. Boyd Placed Harvey On Losartan and HCTZ
17. "of which she Knew" should have not been mixed together. On 12-22-20
18. Harvey Complained of light headedness and dizzyness. No action taken by
19. K. Boyd. On 2-17-21, Harvey Complained of chest Pain and shortness
20. of breath. No action taken by K. Boyd. Harvey Contends that K. Boyd
21. showed "deliberate indifference" to Harvey's Serious Medical needs
22. which Constitutes the Unnecessary and Wanton infliction of Pain.
23. Mental Health M.S. Huff witnessed Harvey Fall to the Floor head First
24. busting his right eye open. Harvey Came too On the Floor getting
25. Up to Fall head First again Suffering a head Cuncushion. Harvey
26. received Sutures For Busted right eye and "absolutely no treatment
27. For Asthma attack, head Concushion or left arm rotator Cuff tear."
28. On 6-29-2021 at 9:43 AM, K. Boyd lied under oath in a C.O.P.D.
29. hearing when asked by hearings officer LT. Will. "Does the Medication
30. he takes Cause behavioral issues that would affect him making

nathaniel Harvey  130287
8/29/21

8

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

claim Five: _8th AMENDment Cruel & Unusual Punishment / DELiberate Indifference

31. decisions or Following directives? Your email response will be

32. used as evidence in his case (43295), Thank You". K. Boyd

33. responded "No, it does not". Please See Body Cam and Exhibits.

34. Harvey Prays that this Court Find acts and OMissions of K.

35. Boyd liable Violating Constitutional Rights.

Nathaniel Harvey
8/29/21
130287

9

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

DEliberate Indifference

## Claim Six   8th Amendment Prohibition of Cruel & Unusual Punishment

1. At all times relevant, Harvey was Confined at Colorado
2. State Penitentiary when this Constitutional Violation
3. Occured. On 5-26-2021, Harvey Suffered a Medical Emergency
4. From a Medication Perscribed by Nurse Practitioner K. Boyd.
5. As a result of Poisioning, Medical First responder Krystal
6. Kammrad Claims that while Harvey was in the restraint Chair,
7. he denies injuries In transport chair with transport hood. See
8. Anatomical 5-26-21 11:03. On the Anatomical report dated
9. 5-26-21 at 11:30 Am, She reports that Harvey denies Further
10. injuries. Her testimony is incorrect. Krystal Kammrad RN III
11. violated the 8th Amendment Prohibiting Cruel & Unusual Punishment
12. by stating that Harvey claimed having No injuries. Harvey was
13. totally Unconscious while being transported to Medical.
14. Harvey received a blood pressure reading of $\frac{188}{38}$ and Sutures
15. to his right eye. Harvey reported verbally to Nurse Daniell Smith
16. RN that he could not breath, and had chest Pain, So he used his
17. Inhaler after taking Losartan Medication. See Incident # 1446616.
18. Krystal Kammrad RN III was briefed of Harvey Falling Head First
19. to the Floor. See Video Cam. K. Kammrad Failed to Provide
20. Medical Care For his Chronic Condition. K. Kammrad was deliberately
21. indifferent to Harvey's Serious Medical needs on 5-26-2021.
22. K. Kammrad's actions Constitutes the Unnecessary and Wanton
23. infliction of Pain. K. Kammrad also Failed to log Blood Pressure.
24. Because Harvey was not treated For Chronic Care Emergency, Shoulder,
25. or Neck injury, Harvey emediately Submitted a Request For Sick
26. Call on 5-26-21 and Reported his Injuries. Harvey Submitted
27. a Second Kite on 5-30-21 Reporting his injuries. Harvey's Mother
28. Called Colorado State Penitentiary and Ordered For her Son to have
29. a Full Check Up with Medical Emergency. Harvey was then taken
30. out to St. Thomas More a Month later. Harvey Prays that this
31. Court Find acts and omissions of K. Kammrad liable Violating Harvey's rights.

*Nathaniel Harvey*
8/29/21
130287

10

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

## DELiberate Indifference

Claim Seven: 8TH AMENDMENT Prohibition against Cruel & Unusual Punishment

1. At all times relevant Harvey was Confined at Colorado State
2. Penitentiary when this Constitutional Violation Occured. On
3. 5-26-2021, Harvey suffered a Serious Medical Emergency.
4. Harvey suffered Injury and Poisoning as a result of Prescribed
5. Medication Called Losartan. See EXHIBIT dated 6-23-2021. On
6. 5-26-2021 an Incident Report #1446616 was written by
7. Carla Daniell Smith who Forwarded this Incident Report to
8. Stephanie Dalton, HSA, Although there is Conflicting testimony
9. with Krystal Kammrad, RN III Anatomical, and Carla Smith's Written
10. Report stating that Harvey appeared grayish in Color and was dis-
11. orientated, should have been enough For HSA Stephanie Dalton to
12. take action which she Failed to do. Stephanie Dalton HSA
13. Violated the 8th Amendment Prohibiting Cruel and Unusual Punishment
14. by ignoring Harvey's Serious Medical Emergency which Occured on
15. 5-26-2021 at 11:00. Stephanie Dalton who is the HSA was deliberately
16. Indifferent to Harvey's Medical Emergency because AR 700-01B
17. which is the Letter of Agreement states the Facility HSA is the
18. designated Local health authority with responsibilities For on
19. going health Care Services Pursuant to a written agreement Contract
20. or Job description. See Exhibit. On 5-26-2021, Dalton HSA Failed
21. to Send Harvey out of the Facility For emergency treatment. Harvey
22. was denied "additional treatment to be Cared for his chronic heart
23. Failure in which he is diagnosed." Dalton HSA Knew of Harvey being
24. in Sufficiently Serious Pain and ignored it. Dalton HSA deliberate
25. Indifference is evidenced by EXhibit   dated 9-13-2021 Message
26. From Medical Records and EXhibit    dated 12-01-2021 Health
27. Problems/Conditions. Per AR 700-01B 24-hour emergency health
28. Care Services was denied to Harvey. Harvey Submitted Sick Call Kites
29. dated 5-26-2021 and 5-30-2021 but did not receive Emergency Care
30. Until a Month Later. Harvey prays this Court Find Stephanie Dalton HSA
31. acts and Omissions liable violating Constitutional Rights.

Nathaniel Harvey
8/29/21
130287

11

# Deliberate Indifference

## Claim Eight: 8th Amendment Prohibition of Cruel & Unusual Punishment

1. At all times relevant Harvey was Confined at Colorado State
2. Penitentiary when this Constitutional violation Occured. On
3. 5-26-2021 Harvey Suffered a Serious Medical Emergency.
4. I was accused of Using a drug called Spice. On 5-26-2021
5. Captain Martinez was the Shift Commander. Captain Martinez
6. Gave the Order For Harvey to be removed From His Cell to G149
7. Observation Cell. Captain Stephanie Martinez Violated the 8th
8. Amendment Prohibiting Cruel & Unusual Punishment For Ordering
9. Harvey to be removed From his Cell "only" because Harvey refused
10. Medical treatment. See Declaration (M). Captain Martinez became
11. Suspicious and Ordered For Harvey's Cell to be Searched For dangerous
12. Contraband. Harvey was escorted down to Observation Cell at 11:03
13. A.M. Harvey Was Placed in Universal restraints in his Boxer's and
14. T-shirt with the Air Conditioner On Full blast. Harvey was deprived
15. of the minimal Civilized measure of life's necessities by being Forced
16. to Sit in his own Urine & Feces While in Universal restraints While in
17. the Observation Cell. See Observation Video. Regulation 300-56 Special
18. Controls states: If Offenders are Kept in Special Controls For an extended Period of
19. time "or there are Serious Personal Hygiene Concerns" they will be given the
20. opportunity to Shower if approved by the Shift Commander. Harvey ate
21. Lunch in Universal restraints Saturated in Urine & Feces. After Two hours,
22. Harvey was Forced another Two hours in which he took off his boxers
23. Naked and Washed the Urine & Feces From his Boxers. Captain Martinez
24. Was aware that Harvey was Experiencing a Medical Emergency at this time.
25. See Declaration of interview Exhibit M. Harvey was stripped of his dignity,
26. Civilized standards, humanity and decency. Captain Martinez acted with
27. deliberate indifference because her Conduct disregarded a Known or obvious
28. risk that is Very likely to result in the violation of Harvey's rights.
29. Harvey Sat in Observation For 5-Hours, "No drug test" and denied
30. additional Medical treatment. Harvey Prays this Court Find Stephanie
31. Martinez acts and Omissions liable as the "Moving Force" Violating Rights.

Nathaniel Harvey
8/29/21
130287

24

IN THE UNITED STATES
COURT FOR THE DISTRICT OF
COLORADO

Claim NINE: <u>8th AMENDment Prohibiting Cruel & Unusual Punishment / deliberate Indiference</u>

1. At all times relevant Harvey was Confined at Colorado State Peni-
2. tentiary when this Constitutional Violation Occured. On 5-26-21
3. Harvey suffered a Serious Medical Emergency. Harvey was accused
4. of using a drug Called Spice. On 5-26-2021 LT. Lundenburg was
5. Swing Shift - Shift Commander. LT. Lundenburg Violated the 8th Amend-
6. ment Prohibiting Cruel & Unusual Punishment For Continuing Special
7. Controls when Harvey's behavior was Non-Violent or at risk to
8. himself or other's. Harvey was Suffering From a head Concushion and
9. Tremors. Harvey also Requested additional Medical help and was denied.
10. Administrative Regulation 300-56 states: Based on offender behavior,
11. the Shift Commander has the discretion to remove the offender From Special
12. Controls at any time, and then Notify the On-Call duty Officer of the
13. reasons For discontinuing Special Controls. See Exhibit. LT. Lundenburg was
14. well aware of Harvey's Medical State because Stephanie Martinez Briefed LT.
15. Lundenburg at Shift Change 2:00 P.M. LT. Lundenburg Kept Harvey in
16. Special Controls Until 4:30 P.M. after chow was Served with the Air
17. Conditioner on Full blast. See Special Controls Video Cam. LT. Lundenburg has
18. Shown deliberate Indiference to Harvey's Serious Medical needs by getting
19. Approval From the Assistant Warden Lisac to Keep Harvey in Special
20. Controls Past 2-hours although Harvey was non Violent. Harvey Sat
22. in Medical Crisis in Special Controls For a total of 5-Hours. In the
23. Step Two Grievance, LT. Lundenburg Argues about time of Restraints
24. and there not being a Policy Violation. He is Wrong. Harvey Contends
25. that time restraints elapsed beFore Harvey Was removed From Special
26. Controls. LT. Lundenburg Failed to respond to Harvey's Medical Crisis
27. or the Fact that Harvey was tased and lost his bowl & Urine Movement.
28. See Grievances step 1 & 2 R-CS 21/22-00197685-2. Harvey has
29. Sought Mental Health behind this incident because Harvey was not
30. Given a drug test or Given additional Chronic Care treatment. Harvey
31. Contends that LT. Lundenburg Conspired 1985(3) to deny Harvey additional
32. Medical Care For his Chronic Condition.

Nathaniel Harvey
8/29/21

13

130287

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

§ 1985(3) - actions against Persons who "Conspire"

claim Tail: 8th Amendment Prohibiting Cruel & Unusual Punishment / deliberate Indifference

1. At all times relevant Harvey was Confined at Colorado State Penitentiary when this

2. Constitutional violation Occured. Plaintiff incorperates 1985(3) - Showing the

3. direct Participation of the Administrative Chain of Command : Assistant

4. Warden Lisac, Security Major Thompson, Programs Major Brandt, and

5. Captain Chance Turner. On 8-15-21 Plaintiff Filed Grievance 196638-1 against

6. "A.W. Lisac". A.W. Lisac Failed to respond to any of Grievances. In the Grievances,

7. A.W. Lisac is Cited by AR 300-57RD as the Authorization to be Given For Harvey

8. to be Kept in Isolation Cell in his own Feces and Urine Under a state of Medical

9. Emergency. A.W. Lisac Failed to Respond to any Grievance. On 11-21-21 Harvey

10. drafted a Personal letter RE: OIG investigation. A.W. Lisac Failed to respond. See

11. Exhibit . Furthermore Plaintiff does include evidence to link named defendants to

12. Personal Participation in Case no. 43295. Harvey was Found Guilty For Facility

13. disturbance and the Administrative Head Lisac Signed off on it dated 6-30-21.

14. Plaintiff alleges that A.W. Lisac was deliberate indifferant Knowing of and

15. disregarded an excessive risk to Harvey's health and Safety.

16. On 7-2-2021 Harvey Filed an Offender Appeal CaseNo. 43295 Placing "Major

17. Thompson" on Notice. In the appeal Harvey alleges that Medical Emergency, Falling,

18. Suffering Head Concussion, should not be Grounds For Conviction to be Upheld. See

19. Exhibits . On 7-29-21 Plaintiff Filed Grievances 195665-1 through 3 addres-

20. sing Custody and Control. Donald Nunez(37260) responded to Step #2. Denied.

21. On 11-21-21 Harvey drafted Personal letter RE: OIG investigation. Custody &

22. Control Failed to respond. See Exhibit . Plaintiff incorperates 1985(3)-Show-

23. ing the direct Participation of the Administrative chain of Command : Plaintiff

24. alleges that Major Thompson was deliberate indifferant Knowing of and disre-

25. Garding an excessive risk to Harvey's health and Safety.

26. On 8-26-21 Harvey Filed Grievances 197289-1 through 3. This addressed Admin

27. Programs "Major Brandt" Placing him on Notice. Harvey requested an OIG inves-

28. tigation #23-days after the Excessive Force by Grievance, and 1-day after

29. Excessive Force was used by 1-877-DOC-TIPS-O. Plaintiff was denied

30. any relief. On 11-21-21 Harvey drafted Personal letter RE: OIG investigation.

14

Nathaniel Harvey
8/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

$1985(3) - actions against persons who Conspire"

"Claim Ten: 8th Amendment Prohibiting Cruel & Unusual Punishment / Deliberate Indifference

31 Major Brandt failed to respond. See Exhibit   . Plaintiff incorperates 1985(3)-

32 Showing the direct Participation of the Administrative Chain of Command: Plain-

33 tiff alleges that Major Brandt was deliberate indifferent knowing of and

34 disregarding an excessive risk to Harvey's health and Safety.

35 On 8-26-21 Plaintiff Filed Grievances 1 through 3 197289-2. This addressed

36 "Captain Chance Turner (5129" placing him on notice. Turner responded to

37 Harvey in 197289-2. Please See Exhibit   . Plaintiff does include evidence to

38 link named defendant to Personal Participation See Sworn Declaration P and Q.

39 Plaintiff incorperates 42 U.S.C. $1986 - Provides for damage liability For

40 anyone "Who, having knowledge that [a $1985 Conspiracy] is about to be

41 Committed" does nothing about it. Captain Turner had Plaintiff Fill out AR

42 Form 300-16 RDD Requesting an OIG investigation. See Exhibit   .

43 Plaintiff Exhibit K shows Phone Call blocked Requesting OIG investigation.

44 And it also shows that Phone Calls were redacted. Captain Turner also

45 Conspired 1985(3) against Harvey showing direct Participation of the

46 Chain of Command. Plaintiff alleges that Captain Turner was Deliberately

47 indifferent Knowing of and disregarding an excessive risk to Harvey's

48 health and Safety. Plaintiff allege and Prove that the Defendants

49 agreed on a Course of Conduct that Violated the Statute.

50 Harvey was Denied a Meaningful Opportunity to be heard. Harvey request

51 that this Court Grant declaratory Jucedment that the acts of Defendants

52 did Violate Harvey's Constitutional Rights.

15

*Nathaniel Harvey*
8/29/21

8th Amendment Prohibition of Cruel & Unusual Punishment/Deliberate Indifference
Claim Eleven: Title II of The ADA Section 504 Rehabilitation Act

1 On 11-16-2020, Plaintiff Nathaniel Harvey was seen by Mental Health
2 Sotto, Osvaldo E for a Behavioral Health - Status Review.
3 On 11-19-2020, Plaintiff was seen by Mental Health Sotto. On 11-20-20
4 Plaintiff was seen for MH-Status Review. See Exhibits Message from Medical
5 records dated 9-13-21. Sotto has violated 8th Amendment Prohibiting Cruel
6 and Unusual Punishment for his biased decision that Plaintiff is Exagerating
7 answers to questions that he is asking. Plaintiff alleges in this Complaint
8 that he has Complained of having A "Mental Illness" learning Adjustment,
9 associated with Attention deficient hyperative disorder(ADHD), Acute and
10 Serious Manic - depressive disorder, Bipolar disorder and Suffers with great
11 anxiety of Immediate Psychological Trauma from Frontal Lobe brain
12 damage. See Declarations and New York State Purged Hospital Records.
13 Dr. Sotto is deliberate indifferent to Harvey's Mental Health needs by
14 denying Plaintiff diagnosis after having knowledge of Plaintiff's Symptoms.
15 Plaintiff was seen repeatedly by Dr. Sotto with training in Psychological
16 evaluation, but refused Plaintiff treatment that rose to the level of
17 "Pain, discomfort or risk to health. Dr. Sotto knows that Plaintiff will
18 not receive Mental Health treatment without Supported "Medical evidence,
19 Such as a Physician's diagnosis. Plaintiff alleges Title II of the ADA
20 Provides that "no qualified Individual with a disability shall, by reason
21 of such disability, be excluded from Participation in or be denied the
22 benefits of the Services, Programs, or activities of Public entity,
23 or be Subjected to discrimination by any such entity. Section 504
24 of the Rehabilitation Act Provides that "[N]o Otherwise Qualified
25 individual with a disability in the United States... Shall, Solely by reason
26 of her or his disability, be excluded from the Participation in, be
27 denied the benefits of, or be Subjected to discrimination Under any
28 Program or activity receiving federal financial assistance or
29 Under any Program or activity Conducted by any Executive agency.
30 Harvey Prays that this Court find acts and omissions of Dr. Sotto
31. Liable Violating Constitutional rights.

16

Nathaniel Harvey
8/29/21

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Original form provided free of Charge by CO DOC Legal Services to
Offender _Harvey_   DOC# 130287
Date _AUG 1 0 2021_

## E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you
were incarcerated? ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one
previous lawsuit, use additional paper to provide the requested information for each previous
lawsuit.  Please indicate that additional paper is attached and label the additional pages
regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):   I do not have the

Docket number and court:   proof of previous

Claims raised:   lawsuits. Legal Box

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   was lost in 2013.

Reasons for dismissal, if dismissed:   _____

Result on appeal, if appealed:   _____

## F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal
court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or
judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

Nathaniel Harvey
8/29/21
130287

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* WHEREFORE: Plaintiff respectfully prays that this Court enter judgment: 1. Granting plaintiff a declaratory judgment that the acts and Omissions herein Violate his rights Under the Constitution and laws of the United States. 2. Granting Plaintiff Harvey Compensatory damages in the amount of $50,000 against each defendant, jointly and Severally. 3. Plaintiff Seeks Punitive damages against each defendant in the amount of $50,000 jointly and Severally. 4. Plaintiff also Seek a jury trial on all issues triable by Jury. 5. Plaintiff also Seeks recovery of his Costs in this Suit, and Any additional relief this Court deems Just, Proper, and Equitable.   Respectfully,

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

Nathaniel J. Harvey

_____
8 - 29 - 2021
(Date)

(Form Revised December 2017)

18

Original form provided free of Charge by CO DOC Legal Services to Offender ___ Date ___ AUG 1 0 2021   DOC# 130287

Nathaniel Harvey
8/29/21
130287

# CERTIFICATE OF SERVICE

I hereby Certify that the Original Pleading

was Mailed to Clerk of the Court

Alfred A. Arraj United States Courthouse

901 19th Street, Room A 105

Denver, Co 86294-3589

x _Nathaniel J. Harvey_
(ORIGINAL SIGNATURE)

2-3-2022
DaTe