**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-00369-NYW-TPO

NATHANIEL J. HARVEY,

Plaintiff,

v.

CAPT. STEPHANIE MARTINEZ,
SGT. RENE ACUNA,
SGT. PAUL CARRILLO, JR.,
Z. GARCIA,
KATHLEEN BOYD,
RILEY,
RENAE MOREL, and
JOHN DOE,

Defendants.

---

**ORDER**

---

This matter is before the Court on the of Chief United States Magistrate Judge issued by the Honorable Michael E. Hegarty on July 17, 2024 (the "Recommendation"), [Doc. 87], and Plaintiff's Motion for Prohibitory Injunction (or "Motion for Preliminary Injunction"), [Doc. 76, filed May 23, 2024]. The Recommendation addresses Defendants' Partial Motion to Dismiss Plaintiff's Third Amended Complaint Under Rule 12(b)(6) (the "Motion to Dismiss"), filed on April 1, 2024 by Defendants Stephanie Martinez, Rene Acuna, Kathleen Boyd, Shannon (Riley) Friesen, and Renae Morel, employees of the Colorado Department of Corrections ("CDOC") (collectively, the "CDOC Defendants"). *See* [Doc. 69; Doc. 87]. Judge Hegarty recommends that the Motion to Dismiss be

granted in part and denied in part. [Doc. 87 at 1]. With respect to Counts Two, Four, Five, and Six of Plaintiff's operative Third Amended Complaint (or "TAC"), [Doc. 23], Judge Hegarty recommends that the Motion to Dismiss be granted and those claims be dismissed with prejudice. [Doc. 87 at 10–11]. With respect to Count Three of the Third Amended Complaint, Judge Hegarty recommends that the Motion to Dismiss be denied. [*Id.*]. Plaintiff Nathaniel Harvey ("Plaintiff" or "Mr. Harvey") has filed two sets of Objections to the Recommendation (collectively, "Objection"), [Doc. 92; Doc. 93],[1] and the CDOC Defendants have responded, [Doc. 94; Doc. 99]. The CDOC Defendants have also responded to Plaintiff's Motion for Preliminary Injunction. [Doc. 85]. The issues are fully briefed, and the Court finds that oral argument would not materially assist in the disposition of this matter. For the reasons set forth in this Order, Plaintiff's Objection is respectfully **OVERRULED,** and the Recommendation is **ADOPTED**. The Motion for Preliminary Injunction is respectfully **DENIED**.

## BACKGROUND

Plaintiff is a prisoner in CDOC custody. *See generally* [Doc. 23 at 3]. During the times relevant to this lawsuit, he was housed at the Colorado State Penitentiary in Fremont County ("CSP–Fremont"). *See, e.g.*, [*id.* at 8–9]. He brings seven claims against the CDOC Defendants under 42 U.S.C. § 1983, asserting numerous violations of his

[1] The CDOC Defendants suggest that the Court did not accept Mr. Harvey's Objection, filed on August 26, 2024, as timely. [Doc. 99 at 3 & n.2]. The CDOC Defendants are correct that Mr. Harvey's August 26 filing was after the Court's August 19, 2024 deadline. [Doc. 90]. However, this Court clarifies that it credited Mr. Harvey's representation that the facility was on lockdown, thus impacting his ability to access the mail. The Court therefore implicitly granted Plaintiff's Motion to Accept Objections as Timely, [Doc. 95], when it accepted the supplemental Objection, [Doc. 93], as filed, [Doc. 97]. The Court further notes that the additional Objection appears to be a continuation of his first filing, as it addresses different claims. *Compare* [Doc. 93], *with* [Doc. 92].

constitutional rights. *See generally* [Doc. 23]. The CDOC Defendants' Motion to Dismiss argues that Counts Two through Six of the Third Amended Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* [Doc. 69].[2] Because Plaintiff's claims arise from distinct events, the Court recounts the factual allegations underlying each claim below, drawing them from the allegations in the Third Amended Complaint, [Doc. 23], and they are taken as true for purposes of the Motion to Dismiss and Recommendation.

With respect to the Motion for Preliminary Injunction, the general rule is that "[e]vidence that goes beyond the unverified allegations in the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction." *Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trustees*, 680 F. Supp. 3d 1250, 1268 (D. Wyo. 2023) (citation omitted). Nevertheless, where a pleading is properly verified, it may serve as evidence for a preliminary injunction when the allegations contained therein are based on personal knowledge. *See Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021). Mr. Harvey certified, under the penalty of perjury, that the information in the Third Amended Complaint was true and correct, [Doc. 23 at 15], and therefore, the Court takes the factual allegations based on his personal knowledge as true for the purpose of considering his request for preliminary relief.

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for

---

[2] The Motion to Dismiss does not address Counts One and Seven, and the Court accordingly does not consider those claims here.

recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).[3] Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted). However, when neither party timely objects to a magistrate judge's findings, "the district court may review a magistrate[ judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## II. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations...and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

[3] Because the Court concludes that, even under de novo review, the Objection should be overruled, it does not reach the CDOC Defendants' argument that Mr. Harvey's second set of Objections were not timely filed and are therefore subject to a stricter standard of review. *See* [Doc. 99 at 3–4].

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). And because a Rule 12(b)(6) motion "tests the sufficiency of the allegations within the four corners of the complaint," *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994), courts do not consider allegations or evidence outside the complaint, save for a few narrow exceptions, *see Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

**III. Rule 65**

Federal Rule of Civil Procedure 65 authorizes the Court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018). A party seeking preliminary injunctive relief must make a four-part showing: (1) that the movant has a likelihood of success on the merits of his claims; (2) that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). A party seeking an injunction must demonstrate that "*all four* of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted," *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

The primary goal of a preliminary injunction is to preserve the pre-trial status quo. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (quoting *Univ. of Tex.*

*v. Camenisch*, 451 U.S. 390, 395 (1981)). "Status quo" is defined as "the last uncontested status between the parties that preceded the controversy until the outcome of the final hearing." *Id.* at 1260 (quotation omitted). Therefore, courts view the following types of injunctions with caution: (1) preliminary injunctions that alter the status quo; (2) preliminary injunctions that require the nonmoving party to take affirmative action, i.e., "mandatory" preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief he would be entitled to if he prevailed in a full trial. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Whether to issue a preliminary injunction lies within the sound discretion of the trial court. *See id.*

**IV. Pro Se Filings**

In applying the above principles, this Court is mindful that Mr. Harvey proceeds pro se. The Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

**I. Recommendation on Motion to Dismiss**

The Court addresses Counts Two through Six of the Third Amended Complaint respectively, including the underlying factual allegations, Judge Hegarty's Recommendation, and Plaintiff's Objection.

**A. Count Two: Free Exercise of Religion**

The first claim challenged by the Motion to Dismiss, Count Two, alleges that Defendant Riley violated Plaintiff's right to free exercise of religion under the First and Fourteenth Amendments. [Doc. 23 at 8; Doc. 69 at 5–6]. Plaintiff alleges that, on April 24, 2021, Defendant Riley confiscated fruit that he had saved from breakfast to break his Ramadan fast later that day. [Doc*.* 23 at 8]. Plaintiff asserts that Defendant Riley's subsequent refusal to replace the fruit "substantially burdened" his constitutional right to freely exercise his religious beliefs. *See* [*id.*].

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. This protection applies to the states through the Fourteenth Amendment, *see Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993), and extends to a prisoner's right to maintain a religious diet, *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002).

"[T]o allege a constitutional violation based on a free exercise claim, a prisoner-plaintiff must survive a two-step inquiry." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). First, the plaintiff must allege that "a prison regulation substantially burdened" his or her sincerely held religious beliefs. *Id.* If the plaintiff makes such a showing, "'prison-official defendants may identify the legitimate penological interests that justified the impinging conduct,' and the court must apply a balancing test to determine the reasonableness of the regulation." *Williams v. Wilkinson*, 645 F. App'x 692, 704 (10th Cir. 2016) (unpublished) (quoting *Kay*, 500 F.3d at 1218–19). At the motion-to-dismiss stage, however, only the first inquiry is relevant. *Id.* Thus, a plaintiff "has adequately stated a First Amendment free exercise claim if the Complaint alleges that Defendants

substantially burdened the exercise of his [sincerely held] belief." *Id*.

The U.S. Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that a "substantial burden" on free exercise exists:

> when (at the very least) the government (1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief—for example, by presenting an illusory or Hobson's choice where the only realistically possible course of action available to the plaintiff trenches on sincere religious exercise.

*Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014).[4] But mere isolated acts of negligence do not rise to the level of a substantial burden. *Gallagher v. Shelton*, 587 F.3d 1063, 1070–71 (10th Cir. 2009); *cf. Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1321 (10th Cir. 2010) ("We are not willing to conclude, however, that every single presentation of a meal an inmate considers impermissible constitutes a substantial burden on an inmate's religious exercise.").

Relying in part on *Gallagher* and *Abdulhaseeb*, Judge Hegarty characterizes Plaintiff's allegation that Defendant Riley confiscated his fruit without replacing it as a "single incident" that does not rise to a substantial burden on Plaintiff's free exercise rights. [Doc. 87 at 4]. Plaintiff's Objection is unresponsive to this reasoning, *see* [Doc. 92 at 2–3; Doc. 93], which occurs at the first step of the two-part inquiry set out in *Kay*, 500 F.3d at 1218. Rather than explaining how Defendant Riley's confiscation of the fruit created a substantial burden, Plaintiff skips to the second step of the analysis and argues

[4] Although *Yellowbear* defines "substantial burden" in the context of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, the Tenth Circuit has confirmed that the same definition of "substantial burden" applies to constitutional free exercise claims, *Williams v. Hansen*, 5 F.4th 1129, 1133–34 (10th Cir. 2021).

that Defendant Riley's actions were unrelated to a legitimate penological interest. *See* [Doc. 92 at 2–3]. Therefore, after accounting for the Objection and conducting its own de novo review, the Court agrees with Judge Hegarty that Plaintiff fails to adequately allege a substantial burden on his free exercise rights. Any burden imposed by Defendant Riley's one-time disruption of Plaintiff's religious diet was de minimis. *See, e.g.*, *Gallagher*, 587 F.3d at 1070–71 (holding that single violation of prisoner-plaintiff's religious diet was an isolated act of negligence, not a substantial burden); *White Bull v. Jensen*, No. 20-cv-02395-KMT, 2022 WL 21713918, at *3 (D. Colo. Jan. 31, 2022) (dismissing free exercise claim where plaintiff practicing Lakota religion alleged that, during jail inspection, prison official confiscated and threw away food contained on plaintiff's spirit plates). Plaintiff's Objection is **OVERRULED** and Judge Hegarty's Recommendation is respectfully **ADOPTED** as to Count Two. Accordingly, Count Two is **DISMISSED with prejudice**.[5]

[5] Judge Hegarty recommends that Counts Two, Four, Five, and Six be dismissed with prejudice because Plaintiff has already amended his complaint three separate times and, "[a]t this point, it does not appear that facts exist which would allow Plaintiff to correct any of the woefully deficient allegations in the fourth iteration of his complaints." [Doc. 87 at 10]. Dismissal with prejudice is appropriate when it is clear the plaintiff cannot plead a plausible claim for relief and thus amendment would be futile. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014); *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (explaining that dismissal without prejudice is appropriate where plaintiff is "close to stating a claim but [is] missing some element that may not have occurred to him" (quotation omitted)). The Tenth Circuit has also affirmed dismissal with prejudice when a plaintiff has failed to cure pleading deficiencies despite multiple opportunities to amend. *See, e.g.*, *Melnick v. Johnston*, No. 19-cv-00154-CMA-KLM, 2022 WL 1266614, at *2 (D. Colo. Apr. 28, 2022) (citing *Moore v. Delta Cty. Police*, 396 F. App'x 529, 532 (10th Cir. 2010)) (affirming dismissal where plaintiff failed to cure pleading deficiencies despite multiple opportunities); *Brann v. Daddi*, No. 05-cv-00023-WYD-CBS, 2005 WL 2806981, at *5 (D. Colo. Aug. 22, 2005), *report and recommendation adopted,* 2005 WL 4685046 (D. Colo. Oct. 27, 2005) (collecting cases and dismissing action with prejudice after plaintiff had multiple opportunities to amend)). Here, no additional allegations as to Count Two will transform a single occurrence into a substantial burden, and the Court concludes that further amendment of Count Two would

**B. Count Three: First Amendment Retaliation**

Plaintiff's next claim alleges that Defendant Acuna retaliated against Plaintiff after he informed her that he would file a lawsuit based on the events alleged in Count Two. [Doc. 23 at 9]. Judge Hegarty finds that Count Three adequately alleges a First Amendment retaliation claim and recommends denial of the Motion to Dismiss as to Count Three. [Doc. 87 at 5–6]. Neither Party objects to Judge Hegarty's Recommendation as to Count Three. After its own review, the Court concludes that the Recommendation is thorough and well-reasoned, and there is "no clear error on the face of the record." Fed. R. Civ. P. 72(a) advisory committee's note to 1983 amendment. The Court therefore respectfully **ADOPTS** the Recommendation and **DENIES** the Motion to Dismiss with respect to Count Three.

**C. Counts Four, Five, and Six: Eighth Amendment Deliberate Indifference**

The remaining claims challenged by the Motion to Dismiss all allege that various CDOC Defendants acted with deliberate indifference to Plaintiff's serious medical needs. The "deliberate indifference" standard governs claims under the Eighth Amendment that challenge a prison official's denial of medical care to an inmate. *Estelle v. Gamble*, 429 U.S. 97 (1976). An official may be deliberately indifferent to a prisoner's medical need where that official "prevent[s] an inmate from receiving treatment or den[ies] him access to medical personnel capable of evaluating the need for treatment." *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). The test for deliberate indifference includes both an objective component and a subjective component. *Id.* at 1209. The objective

---

be futile. *See* [Doc. 87 at 10]. In addition, dismissal with prejudice of Counts Two, Four, Five, and Six is appropriate because Mr. Harvey has had multiple opportunities to amend but has not cured the deficiencies in his Third Amended Complaint.

component requires that the alleged medical need be "sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires evidence that the prison official had a "culpable state of mind." *Id.* (citing *Estelle*, 429 U.S. at 106). Mere negligence, however, does not establish culpability. *Farmer*, 511 U.S. at 835. Instead, this requirement is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety." *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). The plaintiff need not show the official had actual knowledge of the risk, but "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Mata*, 427 F.3d at 753 (characterizing inquiry for subjective component inquiry as: "[W]ere the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?").

***Count Four: Defendant Boyd*.** Count Four of the TAC alleges that Defendant Boyd prescribed two medications to Plaintiff that caused him to suffer chest pain and shortness of breath. [Doc. 23 at 10]. Plaintiff alleges that Defendant Boyd should have monitored him more closely. [*Id.*]. Plaintiff further alleges that he complained to another CDOC medical staff member, but Defendant Boyd never followed up with him. [*Id.*].

Judge Hegarty concludes that these allegations are "lacking in all respects." [Doc. 87 at 8]. He notes that Plaintiff fails to identify a serious medical need, fails to allege anything more than negligence, and fails to allege that, if a serious risk to Plaintiff existed, Defendant Boyd knew of it. [*Id.*]. After reviewing Plaintiff's Objection, the Court concurs. While Plaintiff objects that he does allege a "serious medical need," [Doc. 93 at 2], the

allegations he references are nothing more than conclusory statements that Defendant Boyd "disregarded an excessive risk to Plaintiff's serious medical needs," [Doc. 23 at 10]. Mr. Harvey does not provide specific factual allegations identifying exactly what his medical need is, or how it is "sufficiently serious." *See Mata*, 427 F.3d at 751. Plaintiff alleges for the first time in his Objection that his reaction to the medication prescribed by Defendant Boyd caused him to be "rushed to" a hospital, [Doc. 93 at 2], and that a transcript from "case no. 43295" somehow establishes Defendant Boyd's knowledge of the substantial risk to his health, [*id.*]. But the Court cannot credit new factual allegations raised in an objection. *See, e.g.*, *Braun v. United States*, No. 1:22-cv-00108-RJS-CMR, 2023 WL 6158943, at *5 (D. Utah Sept. 21, 2023). Even so, the allegation that Plaintiff was rushed to the hospital still fails to specify a serious medical need. Nor does Mr. Harvey identify any facts that allow a factfinder to conclude that Defendant Boyd acted with anything more than mere negligence.

The Court respectfully **OVERRULES** Plaintiff's Objection and **ADOPTS** the Recommendation as to the dismissal of Count Four with prejudice.

***Count Five: Defendant Martinez*.** Count Five alleges that, on May 26, 2021, Plaintiff was suffering an unspecified "medical emergency" but refused medical treatment. [Doc. 23 at 11]. After Plaintiff declined medical treatment, Defendant Martinez allegedly ordered that Plaintiff be removed from his cell and placed in an observation cell, where he sat in "universal restraints" with the air conditioning "on full blast." [*Id.*]. Plaintiff alleges that, although his underwear was soaked with urine and feces, he was not permitted to shower or change his clothes. [*Id.*].

Judge Hegarty recommends that Count Five be dismissed with prejudice. [Doc.

87 at 8–10]. He notes that Plaintiff fails to specify the nature of his "medical emergency" and declined treatment when visited by medical staff. [*Id.* at 8]. And to the extent Plaintiff alleges that his restraint in the observation cell delayed his medical care, Judge Hegarty observes that a delay in medical care does not give rise to an Eighth Amendment claim unless the delay resulted in "substantial harm." [*Id.* at 8–9 (citing *Sealock*, 218 F.3d at 1210)].

The Court concludes that Count Five fails to state an Eighth Amendment claim. Plaintiff's Objection addresses none of the flaws that Judge Hegarty identifies in the Third Amended Complaint. *See generally* [Doc. 92; Doc. 93]. Plaintiff fails to point to any factual allegations contained therein that he had a particular medical need and does not explain why he refused treatment when medical staff first arrived at his cell. [Doc. 92; Doc. 93]. Moreover, his Objection seems to clarify that he did receive treatment after his placement in the observation cell. *See* [Doc. 93 at 3]. Thus, if Count Five is intended to allege that Defendant Martinez unlawfully delayed Plaintiff from receiving medical treatment, the Court agrees with Judge Hegarty that Plaintiff fails to allege any "substantial harm" he suffered from the delay. The Court respectfully **OVERRULES** Plaintiff's Objection and **ADOPTS** the Recommendation to dismiss Count Five with prejudice.

***Count Six: Defendant Morel*****.** In Count Six, Plaintiff alleges that he was injured as a result of a medication prescribed by Defendant Morel. [Doc. 23 at 12]. Plaintiff alleges that, on February 22, 2022, he visited Defendant Morel for a follow-up on a cortisone injection for an injury to his left shoulder. [*Id.*]. After this meeting, Defendant Morel allegedly lied to her supervisor that Plaintiff had requested a new prescription for

Losartan, which Plaintiff apparently received. [*Id.*]. This new prescription doubled Plaintiff's Losartan dosage. [*Id.*]. Plaintiff suggests that the increased dosage interacted with his chronic hypertension. [*Id.*]. After taking the increased dosage of Losartan, Plaintiff alleges that he became dizzy and fell. [*Id.*]. He alleges that he continues to experience headaches and dizzy spells, but Defendant Morel "refuse[d]" to see Plaintiff despite his submission of two "sick call kites" in late February and early March of 2022. [*Id.*].

Judge Hegarty recommends that Count Six be dismissed because it fails to allege an Eighth Amendment claim. [Doc. 87 at 9–10]. He observes that Defendant Morel's alleged negligence does not satisfy the subjective component of deliberate indifference. [*Id.* at 9]. If Plaintiff disagrees with Defendant Morel's decision to prescribe Losartan, that disagreement does not rise to deliberate indifference either. [*Id.* (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999))]. Finally, Judge Hegarty notes that Plaintiff does not allege that any delay in treatment caused him substantial harm. [*Id.*].

Upon review, this Court agrees with the Recommendation and finds nothing in Plaintiff's Objection to change its conclusion as to Count Six. While Plaintiff alleges that the fall he suffered (from the dizziness caused by the increased Losartan dose) resulted in an "orbital wall fracture," [Doc. 93 at 4], this allegation only relates to the objective component of deliberate indifference, which the Recommendation does not reach, *see* [Doc. 87 at 9–10]. Instead, Judge Hegarty recommends dismissal of Count Six because Mr. Harvey has insufficiently alleged the subjective component of his deliberate indifference claim. [*Id.*]. Plaintiff provides the conclusory allegation that Defendant Morel "lied to her boss" that Plaintiff requested a new Losartan prescription. [Doc. 23 at 12].

Even taking that allegation as true, Plaintiff fails to allege that Defendant Morel knew of a risk to Plaintiff and chose recklessly to disregard it. *See Mata*, 427 F.3d at 753. As alleged, at most, Plaintiff's reaction to the Losartan was a result of Defendant Morel's negligence in exercising her medical judgment. *See Self v. Crum*, 439 F.3d 1227, 1232–33 (10th Cir. 2006) ("[T]he subjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment."). Such allegations do not sustain a claim for deliberate indifference. *See, e.g.*, *Estelle*, 429 U.S. at 106 (holding that prison physician's negligence does not rise to an Eighth Amendment violation). The Court respectfully **OVERRULES** Plaintiff's Objection and **ADOPTS** the Recommendation as to the dismissal of Count Six with prejudice.

## II. Motion for Preliminary Injunction

In the Motion for Preliminary Injunction, Plaintiff alleges that a legal filing he submitted to the mailroom was never received by the Court or his attorney at the time. [Doc. 76 at 1]. He suggests that other legal filings and letters were similarly lost. [*Id.* at 2]. Plaintiff requests that the Court order the "CCF mailroom"—which refers to the mailroom at the Centennial Correctional Facility, [Doc. 85 at 1]—not to "impede[] or tamper[] with" Plaintiff's legal mail, [Doc. 76 at 2]. Plaintiff argues that the loss of his filing constitutes an "ongoing federal law violation" warranting a preliminary injunction. [*Id.*].

The CDOC Defendants argue that the Motion for Preliminary Injunction suffers from several fatal flaws. *See* [Doc. 85 at 4–9]. First, they argue that a preliminary injunction is inappropriate because there is no connection between Plaintiff's underlying claims and the requested injunction. [*Id.* at 4]. Second, they contend that Plaintiff lacks standing to obtain the requested injunction because the CDOC Defendants are unable to

redress the injuries Plaintiff alleges in his Motion for Preliminary Injunction. [*Id.* at 7–8]. Third, the CDOC Defendants argue that Plaintiff has not demonstrated that he will suffer an irreparable harm unless the Court issues the requested injunction. [*Id.* at 8–9]. Plaintiff has not filed a reply brief, and the deadline to do so under this District's Local Rules has long elapsed. *See* D.C.COLO.LCivR 7.1(d).

"A preliminary injunction grants intermediate relief of the same character as that which may be finally granted." *Adams v. Ade*, No. CIV 19-041-JHP-SPS, 2019 WL 3456814, at *2 (E.D. Okla. July 31, 2019) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). A party seeking a preliminary injunction must therefore establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *cf. Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (observing that, because movant must establish likelihood of success on the merits, "to this extent there is a relation between temporary and permanent relief"). Courts will not grant preliminary relief that exceeds or is unrelated to the claims in the complaint. *See Little*, 607 F.3d at 1251; *accord Adams*, 2019 WL 3456814, at *2 (collecting cases); *De Beers Consol. Mines*, 325 U.S. at 220 (denying preliminary injunction that "deal[t] with a matter lying wholly outside the issues in the suit").

The Court agrees with the CDOC Defendants that the requested preliminary injunction is unrelated to the claims in the Third Amended Complaint. For one, the Motion for Preliminary Injunction involves a different facility and different CDOC staff than those listed in the TAC. *See Lopez v. Williamson*, No. 22-cv-00466-PAB, 2022 WL 1046965, at *1 (D. Colo. Apr. 7, 2022) (denying motion for preliminary injunction that asserted

different constitutional violation by different official than allegations in complaint). *Compare* [Doc. 76 at 1–2 (identifying Sgt. Likens and Michael Mora of the Centennial Correctional Facility's mail room)], *with* [Doc. 23, *passim* (alleging constitutional violations at CSP–Fremont by Defendants Martinez, Acuna, Boyd, Riley, and Morel)]. Moreover, the injuries asserted in the Motion for Preliminary Injunction—tampering with and loss of Plaintiff's legal mail—are unconnected to the violations alleged in the TAC.[6] *See Boles v. Colo. Dep't of Corr.*, No. 19-cv-01158-WJM-STV, 2020 WL 2098205, at *2 (D. Colo. May 1, 2020) (denying preliminary injunction as to restrictions on law library access where underlying claims challenged prison medical care); *Pittman v. Long*, No. 23-cv-00291-PAB, 2024 WL 128169, at *3 (D. Colo. Jan. 11, 2024) (denying preliminary injunction for assertions related to legal mail and other conduct unrelated to underlying conditions-of-confinement claims). Although the legal mail in question pertains to Plaintiff's underlying lawsuit and implicates his First Amendment rights, the relevant conduct and legal analysis are distinct from the claims in the Third Amended Complaint—even Count Two's First Amendment retaliation claim, which has no connection to Plaintiff's legal mail. *See Boles*, 2020 WL 2098205, at *2 (denying preliminary injunction related to denial of medication where underlying Eighth Amendment claim alleged failure to refer inmate to appropriate medical specialist); *Moore v. Hodge*, No. 22-cv-00829-DDD-NRN, 2023 WL 11921405, at *2 (D. Colo. May 26, 2023) (finding preliminary injunction inappropriate when injunction

[6] Counts One and Seven, which the Court does not address here, are similarly unrelated to the conduct challenged in the Motion for Preliminary Injunction. Count One is an Eighth Amendment claim alleging excessive force as to the CDOC Defendants' response to Plaintiff's "medical emergency." [Doc. 23 at 7]. Count Seven is a Fifth Amendment due process claim alleging that the CDOC Defendants deleted body camera footage depicting the incident described in Count One. [*Id.* at 13].

implicated different conduct, injuries, and legal doctrines than underlying claims).

In sum, the Court finds that Plaintiff has failed to establish a relationship between the Motion for Preliminary Injunction and his underlying claims. Because the Court is "powerless" to grant such a motion, *Lopez*, 2022 WL 1046965, at *1 (quotation omitted), it does not reach the CDOC Defendants' redressability argument, nor the four-factor test described above. The Motion for Preliminary Injunction is respectfully **DENIED**.[7]

**CONCLUSION**

For the reasons set forth herein, it is **ORDERED** that:

(1) Plaintiff's Objections [Doc. 92; Doc. 93] are **OVERRULED**;

(2) The Recommendation of Chief United States Magistrate Judge [Doc. 87] is **ADOPTED**;

(3) The CDOC Defendants' Partial Motion to Dismiss Plaintiff's Third Amended Complaint Under Rule 12(b)(6) [Doc. 69] is **GRANTED in part and DENIED in part**;

(4) The Motion to Dismiss is **GRANTED** as to Counts Two, Four, Five, and Six

[7] Nor may Plaintiff amend his Third Amended Complaint to include allegations of this additional conduct. The controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure is that unrelated claims against different defendants belong in different suits. *See Heide v. Kan. Dep't of Corr.*, No. 24-3040-JWL, 2024 WL 1258397, at *2 (D. Kan. Mar. 25, 2024) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This is particularly true in light of the restrictions put in place by the Prison Litigation Reform Act, 28 U.S.C. § 1915, including the requirement that a full payment of filing fees through partial payments over time is required and a "three strike" provision that prevents a prisoner from proceeding *in forma pauperis* if three or more cases have been dismissed as frivolous, malicious, or as stating no claim for relief. *Griffin v. Colorado*, No. 22-cv-00240-GPG-SKC, 2023 WL 11879538, at *1–2 (D. Colo. Aug. 28, 2023), *report and recommendation adopted*, 2023 WL 11879539 (D. Colo. Nov. 17, 2023). To the extent that Mr. Harvey seeks to pursue claims against the "CCF Mail Room," he is required to file a separate action.

of Plaintiff's Third Amended Complaint [Doc. 23], and Counts Two, Four, Five, and Six are **DISMISSED with prejudice**;

(5) The Motion to Dismiss is **DENIED** as to Count Three; and

(6) Plaintiff's Motion for Prohibitory Injunction [Doc. 76] is **DENIED**.

DATED: December 12, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge